U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN - 4 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOEL HOOK                              §
                                       §
            Plaintiff,                 §
                                       §
VS.                                    §      NO. 3-08-CV-2036-N
                                       §
SULLINS & ASSOCIATES, L.P.             §
d/b/a McDONALD'S                       §
                                       §
            Defendant.                 §

## MEMORANDUM ORDER

Plaintiff Joel Hook has filed a motion to compel discovery in this civil action brought under

the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the Americans

with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*  At issue are objections to three

interrogatories asking defendant to provide contact information for all employees who worked at the

same McDonald's franchise restaurants as plaintiff during the last four years, to identify all such

employees who were terminated "for cause," and to specify the grounds alleged by defendant for the

terminations.[1]  The parties have briefed their respective positions in a joint status report filed on

December 31, 2009, and the motion is ripe for determination.

Interrogatory No. 7 states:

> Identify by name, address, phone number, age and current
> employment status [of] all employees who worked in the same
> restaurant as Plaintiff at the time of his disability discrimination or
> who were employed by you in such restaurant within the last four
> years.  Identify which of the listed employees have taken or applied

---

[1] Plaintiff originally sought an order compelling answers to eight document requests and five interrogatories.  After the motion was filed, the attorneys conferred on the outstanding discovery issues and resolved certain matters by agreement.  The remaining items in dispute are Interrogatory Nos. 7, 9 & 10.

> for FMLA leave within the last four (4) years.    Unless you
> individually indicate that each such individual is still employed by you
> in a management capacity, Plaintiff will assume that his counsel may
> directly contact such witnesses regarding the subject matter of the
> litigation.

(Jt. Stat. Rep. App. at 14).  Because defendant has denied that any discrimination occurred, that part

of the interrogatory seeking contact information for employees who worked at the same restaurants

as plaintiff "at the time of his disability discrimination" assumes a disputed fact and, therefore, is

objectionable.   Thus, the court must decide whether defendant is required to provide contact

information for all employees at the seven restaurants where plaintiff worked during the last four

years. According to Steve Sullins, the former owner of Sullins & Associates, L.P.:

> The average store had about fifty employees at any given time, and
> averaged 200% turnover per year meaning there were 100 employees
> who worked at the store in a given year.  Using these numbers, to
> provide the names of everyone who worked at seven restaurants over
> a four-year period would be appoximately 2,100 names.  It would
> take at least three to four days working full time at the computer to
> compile this information.

(*See* Jt. Stat. Rep. App. at 23, ¶ 7).  The court agrees with defendant that it would be unduly

burdensome to provide contact information for each of these approximately 2,000 employees,

particularly since none of the employees took FMLA leave or are similarly situated to plaintiff. This

objection is sustained.

The court also sustains in part defendant's relevancy objection to Interrogatory No. 9, seeking

the names of all employees at each of the seven restaurants who were terminated "for cause" during

the last four years, and Interrogatory No. 10, asking defendant to specify the reasons for the

terminations. Although both discovery requests are properly limited to the "geographic unit" where

plaintiff worked, plaintiff has not sought to limit the interrogatories to termination decisions made

by Mr. Stauty and Mr. Sullins, the two decisionmakers in this case, or to employees who were

terminated for failing to meet the requirements set forth in a written performance improvement plan ("PIP"), the reason given by defendant for terminating plaintiff. *See Cooper v. City of Dallas*, No. 3-04-CV-2407-H, 2006 WL 1983234 at *2 (N.D. Tex. Jul. 17, 2006) (plaintiff is entitled to discovery of comparator data only for "similarly situated" employees). Defendant shall answer Interrogatory Nos. 9 and 10 only with respect to employees at the seven restaurants who were terminated by Mr. Stauty or Mr. Sullins for failing the meet the requirements of a written PIP. In all other respects, defendant's objections to these interrogatories are sustained.

## CONCLUSION

For these reasons, plaintiff's motion to compel [Doc. #11] is granted in part and denied in part. Defendant shall answer Interrogatory Nos. 9 and 10, as those interrogatories have been limited in this order, by **January 25, 2010**. In all other respects, plaintiff's motion is denied.

SO ORDERED.

DATED: January 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE